The next case, United States v. Aureoles, the case of Bernardo Aureoles is submitted on the briefs, and we'll hear argument in the case of United States v. Orlando Aureoles. And since half the case has been submitted, you shouldn't feel that you're obligated to use all of your time. Thank you, Your Honor. I definitely will. Good morning, Your Honors. Bernard Rosen representing the defendant appellant Orlando Aureoles. May it please the Court, on the substantive issue, this case presents a relatively clean-cut and simple substantive issue. I represent a client who was sentenced by reference to a fact not alleged in the indictment against him and, in fact, not provable against him, that is, that he would have been or that he was trafficking in pure methamphetamine. As a result of that, he received a sentence at least 15 months greater than he otherwise ought, not as great as the 37 months that Mr. Blakely suffered, but certainly a substantial amount. What about appeal waiver? If he's waived his right to appeal, do we reach a Blakely issue? That's the procedural cloud on this case. And even by the cases that the government cited to the court, I think Standifird and a Ninth Circuit court opinion, we're, in essence, contending that the waiver is invalid because the plea agreement is invalid, because we did give good cause to be relieved or to be allowed to withdraw from the plea agreement. I think I understand the argument. You're saying you gave reasons to withdraw the plea. Not the plea, from the plea agreement. So it shouldn't be held to it. But I think in the Joyce case, the Ninth Circuit said that when there's a waiver of appeal, that the two issues are, one, is this appeal within the scope of the waiver? And two, was it like a knowing involuntary plea? It doesn't say that we can look at whether there were fair and just reasons to withdraw the plea. Well, I'm not familiar with the Joyce opinion. I'm — Maybe that issue wasn't raised. It was government. The government brief relied on Standifird, which is a, I believe, a Seventh Circuit case, and also I think it was Milan, a Ninth Circuit case. But in each of those cases, as we pointed out in our reply brief, this Court did in fact state that we have to look at the merit of the argument to be permitted to withdraw from the plea agreement. In Standifird, they did the same and simply found that on the facts alleged in Standifird that Standifird had been factually advised of the — in Standifird, for instance, after the plea agreement, he sought to withdraw, claiming that he had not been advised, that he didn't know that he was waiving his right to appeal. The Court of Appeal looked at the record and said in the Rule 11 colloquy, clearly he's advised that he's not going to be allowed to appeal, and he says he understands that. So he's factually wrong. We were making a legal argument. We aren't claiming that there was a — that the defendant was not advised he was waiving his right. We were claiming that his counsel overlooked a legal issue, and that by overlooking that legal issue, that would amount to good cause to be — to be allowed to withdraw from that stipulation. So it's that procedural cloud. And in fact, the district court did go to the substantive issue. The district court disagreed with my legal analysis concerning the effect of Note B, and then said your motion to withdraw from the plea agreement is denied. Similarly, I believe, based on both the Standifird court and the — I know it was specifically addressed in the reply brief, that the language of this Court's own opinion says that we have to determine if there was a valid ground to withdraw from the stipulation before we can determine if the appellate issue has been waived. I would submit that there is indeed, and in fact, since Blakely, the validity and the viability of the argument is even clearer, because, as I say, the client was sentenced based on a reference to a fact that there was pure methamphetamine involved in his crime. And clearly, we established in the record, not only was he not — was that not alleged, but it could not have been proven because the substance clearly was not pure. The — we presented to — Wait a minute. I'm having a little chicken-and-the-egg problem here. The — you want — your client wished to withdraw from the plea agreement. That's correct. That is technically the issue that you are raising here? The procedural posture of the case is we were denied — the district court denied that request. That came after sentencing? Before sentencing. Okay. And we are raising the issue that the denial of the request to withdraw from the stipulation or the plea agreement was an abuse of discretion. And that if that — if it was — Okay. The reason that you wanted to withdraw was what again? The reason we wanted — we wanted to withdraw so that I could argue that the stipulation in the plea agreement — there is a stipulation in the plea agreement that the defendant would be — that the base offense level in the — based on the drug quantity table in the sentencing guidelines would be level 36. And that would be because the mixture of methamphetamine with which he was charged and with which he was committing the act, that if you apply Note B, Note B to the drug quantity table mandates the district court, even if the substance is a mixture where methamphetamine is involved, it mandated the district court to calculate based on purity what the sentence might be And if it had been pure, and if it had been pure, and if that sentence would be higher than the mixture, then the court must apply the greater sentence. And you found out the possible applicability of that before sentencing? Before sentencing — remember, I was appointed after the defendant had entered his plea, had signed the plea agreement, and then complained to the district court that his prior counsel wasn't — Oh, you were appointed after that. So — Basically, what you're trying to appeal from is the effect of the plea on the sentence. The substantive issue, yes. The procedural issue was should we — did we present good cause to the district court to be allowed to withdraw from the plea agreement. But the substantive issue — The district court denied that. But there was a waiver based on — waiver of the right to appeal the sentence. Based on the plea agreement that we were trying to withdraw from. I feel like I'm taking a law school exam here. But fundamentally, it seems to me, the problem I have here is that the reason being offered to set aside the plea agreement amounts to saying, you know, I got a pretty good argument, legal argument, with regard to the sentence. It's basically — so that waiver I made before turns out to be, in retrospect, a bad judgment. And so I want to make a different decision now. Is there anything beyond that, really, that's offered up to justify relief from the plea agreement? Yes. Because under Blakely now, that that would be an inappropriate — the government isn't entitled, it seems to me, to anything more than a legal sentence against the defendant. Well, no. You can say to Blakely all you want, but that's another legal argument. It's basically that the bargain that he made, constituted by the plea agreement, turns out, in retrospect, not to be as good a bargain as he would like to make today. So we want to go back in time and buy the stock that he didn't buy then. I mean, basically, there's nothing wrong with the plea agreement, except that the passage of time and the developments in the law and the fact that you picked up things, perhaps, that his prior counsel hadn't advised him about, that it doesn't look like such a good deal anymore. No. Our position is that there was a legal issue that I recognized that other counsel did not recognize. Well, Blakely's counsel recognized an issue that this entire bar of the State of Washington, perhaps, had not. But there is a legitimate, viable argument that note B to the drug quantity table in the sentencing guidelines was not proper, that that was based on prior law, and that other counsel didn't see it. There was absolutely no prejudice whatsoever to the government. We were going to admit a second count. The government was going to be allowed to withdraw from their obligations, which were to dismiss the count, to recommend the low term. We weren't saying, now we're going to go to trial. We were simply saying, we're going to stand up here and plead guilty to two counts, and we simply want to make the legal argument so there is some benefit that the defendant did show. Government never claimed that they were prejudiced by any of this. They're trying to make it say, well, it's simply a change of mind or a change of heart. Not a change of heart at all. It is a legitimate sentencing issue. And if the legitimate sentencing issue is not allowed to go forward, the defendant is suffering an illegitimate sentence. Let me ask you, aren't you really saying, let's forget about the waiver, but aren't you really saying that if I, if there's a legitimate plea that is entered into, there's a proper colloquy, everything, and then the guy says, has a change of heart and has a new lawyer come in and look at it and find some possible new argument that he should be able to get out of it? Isn't that the effect of this, to give somebody who has a change of heart another crack at the apple? It's not a change of heart. The legal issue was always there. It was a missed legal issue or a not found legal issue. If you're saying, this now is a direct appeal, right? Yes. You know, I know this is, it's so complicated as is, just to give you another thing to think about. It's possible that the waiver is going to bind us and require us to dismiss if it wasn't a knowing and voluntary, you know, if it was a knowing and voluntary plea. It's possible. You know, this issue is a hard issue, whether that is the rule that controls or whether we have to look at the fair and just reasons to withdraw the agreement, as you argue. And I know there are different schools of thought on it, but assuming that we felt that the agreement has to stand in absent of showing it was involuntary and not knowing, then I suppose your client might be able to raise the issue in a habeas petition by creating a record of ineffective assistance of counsel. If counsel's representation on the plea agreement was really that bad. But there's no record of that here. I mean, you're arguing there's a good legal issue and he should have gotten out, but there's not a record of why counsel did what he or she did, right? There is not. I mean, I'm a trial counsel. I'm not an appellate counsel. I'm sure I can assume a lot of these things are done as standard order of business. But in this instance, there was a legal issue on the ineffective assistance argument. I don't believe I mean, obviously, we're not there. And those issues are pure speculation. But I can't believe that prison inmates in the state of Washington who have been sentenced, like Blakely was, are going to have to show ineffective assistance of counsel before Washington courts in order to get their sentences reduced when they bring that forth. I mean, I think there's going to be a clear distinction between direct appeal and habeas actions. And sometimes you can raise an issue and sometimes you can't. Well, we think we can raise the issue because, again, it's the language that I cited it directly. It's United States v. Michelin. It's this Court's opinion in 1994. The government cited part of the language, if the waiver is valid, we must dismiss the appeal. And what I've said is that the government has completely ignored the two sentences leading up to that, which is our first task is to assess the validity of the plea agreement. If we conclude the waiver is valid, we must dismiss. If we conclude the waiver is invalid, we then reach the merits of the case. And I'm contending that the waiver, that the plea agreement was invalid because the district court abused its discretion in not permitting us to withdraw. We presented a good reason. There was no prejudice to the government. Yes. It's a good argument, but basically, I think the law is not clear yet. Do you have any case saying that in considering whether the agreement, the plea agreement was valid, that one can look at whether there were fair and just reasons to withdraw as opposed to looking at whether it was knowingly and intelligently entered? Yes. We're arguing that Michelin, although again, in Michelin they were claiming that it was not knowing and voluntary. Did Michelin say that it can be withdrawn or that it's invalid if there are fair and just reasons? Well, again, the fair and just reason that was being argued in Michelin was that the pleas were not knowing and voluntary. And, of course, that gets to the Rule 11. In terms of the standard of a fair and just reason to withdraw it, as opposed to whether it was knowing and voluntary. I don't recall. I don't recall. The language of Michelin obviously is there. I'm going to read Michelin again. I have the impression here that the law is really quite unclear as to what we have to do here. Well, I think Michelin is similar to Standifird in the sense that what was the issue, the factual issue in both of those cases was defeated by the nature of the Rule 11 colloquy. In Standifird, don't forget, the defendant was claiming I didn't know I was giving up my right to appeal. And the district court went back to the transcript of the plea and said, I advised you, Mr. Standifird. Do you understand that one of the things you're giving up is the right to appeal? Therefore, your claim that you weren't so advised is factually incorrect. We're not talking about the Rule 11 colloquy here. This is a legal issue that counsel was not imaginative enough to see. I don't think. And, as I say, if the legal issue is faced substantively, I think it's clear the government was unable to counter it other than to say, oh, it's simply a change of heart. It's not a change of heart. It's an illegal sentence under the language of Buckland and particularly under the language of Blightly, because it's a fact not the defendant was not indicted on, that he was dealing in pure methamphetamine. He was, in fact, as we the record is clear, we made it part of the sentencing procedure that the substance he had was a mixture. And a mixture is going to be, Congress has determined that to be not as serious in the sense that it takes ten times the amount of a mixture to equal the same minimum. And if you have about a little over a minute left, I think we should get going. I think I'll reserve it. Yes, thank you. Good morning, Your Honor. May it please the Court. Scott Gerringer for the United States. The first issue I'd like to address is the waiver issue, because we do believe it's dispositive of the case in this situation. The defendant knowingly and voluntarily entered into an appellate waiver, which has been triggered in this case. That's not in dispute. The question is whether the appellate waiver encompasses this appeal. And the appeal, the only issue truly on appeal is whether the district court abused discretion in not permitting the defendant to withdraw from his plea agreement, not his plea, but his plea agreement. The ---- Well, do we even get, are you, do we get to that issue if the waiver is valid? I thought there's law that if the waiver was valid and knowingly and intelligently entered, that we would just have to dismiss the appeal and we wouldn't necessarily look at whether there's fair and just reasons. That is absolutely the government's position. Well, but the waiver has to be of the right to appeal the particular thing that he's trying to appeal. This is not a blanket waiver. If I may address your question first and then follow up with yours. The, what defendant has waived in this case is his right to appeal the sentence or the manner in which the sentence is corrected. That is clearly encompassed by this appeal and this decision because the only thing at issue here is defendant's sentence. That's all he's appealed in this notice of appeal. It's all that he asserted at the time he was trying to withdraw it as to what he wanted to withdraw. He made it very clear that he was not seeking to withdraw his plea. He was only seeking to avail himself of certain sentencing arguments that would have otherwise been foreclosed. All we're talking about here is a sentencing argument, and that is covered by the defendant's waiver of the right to appeal. The government asserts that it's a sentencing issue because the defendant himself has claimed it's a sentencing issue. from the plea agreement. And if you forget about the, if you forget about the, in order to withdraw, on the merits of it, in order to withdraw from the plea agreement, he has to show what? A fair and just. Unfortunately, neither party was able to find substantive much law on that. The only appellate court case we found on it is the Standiford case, the Seventh Amendment case, where the parties agreed that he would need to establish a fair and just reason. I thought that was in the rules. I'm sorry? I thought the rules. That is in the rules with respect to withdrawing a plea, not with respect to withdrawing solely from a plea agreement. And, I'm sorry? He wants to plead guilty but not be bound by his plea agreement. Exactly right. Well, he just wants to enter in. Yeah. I mean, I'm not sure you can even do that. I think the Court has raised an issue if how exactly would it even have worked if defendant did want to do it. But moving past that, the parties did agree that he would need to establish a fair and just reason to withdraw from the plea agreement. The fair and just reasons that he sought to allege were exactly as the Court has identified. He saw what he believed to be a meritorious legal issue, and I'll address that here in a moment, but that prior counsel did not wish to raise. With respect to that, that does not exempt him from his plea agreement waiver, to get back to the Court's question. In Standiford, the Seventh Circuit case which determined that the fair and just standard is appropriate for when a defendant is seeking to withdraw from a plea agreement, not a plea, but a plea agreement, the Court was faced with a defendant who was asserting, much like the defendant in Michelin, that the plea itself and entering into the plea agreement was not knowing and voluntary, exactly the point that Your Honor has identified. And with that, the Court addressed that reason, that reason which was asserted as a fair and just reason, because that was the precursor to determining whether the appellate waiver applied. The Court found that it was knowing and voluntary, and rather than affirming the district court's decision not to let him out of the plea agreement, it dismissed the appeal as precluded by the appellate waiver. In this case, the defendant is making no such argument that there's anything invalid or unknowing about the plea agreement itself or, obviously, the appellate waiver contained inside. It's just as the Court has identified. He wants to make an argument that he initially didn't see. Although, you can circle back. At some point, I guess, in effect, they could try to characterize the argument as being effectively involuntary because it was not made with proper guidance or without full awareness of the consequences. So the waivers aren't always effective. It's hard to tell exactly where to stop this cycle. But at some level, let me just change it slightly. I take it, did you argue to the district court that it would be inappropriate for the district court to consider the motion to withdraw from the plea agreement because of the waiver? We did not, Your Honor. And the waiver does seem pretty clearly aimed at appeal. Exactly right. And, in fact, I think it uses so many words, appeal any sentence imposed. So the waiver issue doesn't really come up at the point the district court is asked to let him withdraw the plea agreement, right? Exactly. That's the government's position. And the district court could have let him withdraw the agreement if the district court thought there was a fair and just reason. But if the district court doesn't let him withdraw the agreement and the agreement contains a waiver, then are we limited to considering whether it was knowing and intelligently entered, the plea was entered knowingly and intelligently, hence enforced the waiver? Or can we look at whether there was a review for abuse of discretion, whether there was a fair and just reason to withdraw the plea? And I'll let both counsel know we have the same issue, or a parallel issue in another case called U.S. V. Antelope that's kind of ahead of this one in the queue in terms of when it was submitted. And I don't know if it will decide an issue on this in a way that would affect this. But it's quite confusing, conceptually, to me at least still. I would agree. It's been a long time in two cases. I would agree, Your Honor. I think standoffering is the most helpful at determining how to unpack and sort through those issues. In that case, the court identified, exactly as the court has, that do we look to whether there's a fair and just decision? And the court established the standard in that case that there must be a fair and just reason to withdraw from a plea agreement. Again, the standard for withdrawing a plea is in the rules. But then what it did was in analyzing the fair and just reason that was asserted in that case, which, as the court has identified, is whether the plea itself or plea agreement was knowing and voluntary, in assessing those issues, that's obviously the precondition for applying an appellate waiver as well. And for that reason, the court found since it was not, it didn't affirm and say there was no fair and just reason, the district court was proper in its denial of that. It said this appellate waiver is valid and, therefore, we have to dismiss the appeal. To get to the issue raised by Your Honor with respect to somewhat circular and how you can circle back, the defendant certainly could have in this case argued that it was an involuntary or unknowing waiver. All he had, but he did not. And there's no support in the record for doing so. The district court is very careful in its plea colloquy. And the plea agreement itself sets forth information that the defendant knew what he was getting into. With respect to that issue, he only wanted to raise a legal argument, a meritless legal argument the government would submit, that defense counsel didn't want to raise before. Seeing that argument and wanting to raise a different argument that, as defense counsel acknowledges, that no one has wanted to raise before, doesn't make it an involuntary or unknowing waiver as a government solution. Counsel was giving ineffective assistance of counsel in entering the plea agreement. If that were the case, I think Your Honor has identified that, unfortunately, we don't have a complete record in this case. And the government is obviously not there. Would it make more sense to say if this was of the kind of stuff that would entitle him to a lower sentence, then that he could challenge that on a collateral attack, claiming malpractice of his lawyer not to raise it before he entered into this plea agreement? Is that possible? His plea agreement does not foreclose him from raising a 2255, for example, raising ineffective assistance of counsel. He can make that motion, and that's not foreclosed here. Then there's another complication. He makes the 2255 motion and shows that counsel was ineffective in not having the same idea he had, and prevails, and then wants to assert Blakely. But Blakely may not be retroactive to apply to a 2255. Understood. I recognize in preparing for this hearing the complications of that. That said, Blakely has not been uttered by this defense counsel until today. There's been no supplemental briefing. The government would argue that that issue itself has been waived. That said, this seems like a good opportunity to argue the substance of the issue that defense counsel wanted to raise when he wanted to withdraw from the plea agreement. That, as defense counsel has noted, was a two-pronged attack, one based on Chapman, one based on Apprendi and Buckland. On appeal, in his reply brief, he's noted that he has fully abandoned the Apprendi-Buckland argument. He said that he exclusively is relying on the Chapman argument. Obviously, Blakely may have improved the Buckland or Apprendi argument since then, although it has not improved it to a point where it's a meritorious argument still. But it has improved it. But as the defendant indicates, he has abandoned it. With respect to address the substance of that. The defendant has dropped into the laps of people on direct appeals. Understood, Your Honor. I've been living with Blakely as long as the Court has, and I recognize that. That said, even if Blakely had been decided prior to this defendant seeking to withdraw his plea, and the defendant said I want to withdraw my plea agreement because Blakely now gives me this right to make this new argument, this is a defendant who did not seek to withdraw his plea, did not seek to withdraw any of his plea  He has admitted those facts. Even if he were to raise a Blakely argument from scratch today, Blakely itself indicates the defendant may be submitted based on facts admitted to a plea agreement or a plea complaint. Ameline itself also indicates that for pipeline cases such as this one, the defendant may be sentenced based on facts admitted to. I'm sorry, is the court seeing me? Stop me? No. Oh, I'm sorry. I saw it. Perhaps other factors should stop me. But with respect to that issue, even today, even with the benefit of seeing Blakely and Ameline, the defendant still does not have a just and valid reason for wanting to withdraw from this plea agreement. Unless the Court has any further questions, the government would submit. I'm glad we have good counsel arguing this one. Very quickly. The issue presented, as we stated in our opening brief, was did the district court err in refusing to admit the defendant to withdraw from the written plea agreement. That, I submit, is not subject of any waiver in the plea agreement itself. That's a separate issue. Concerning Standifird, the ground that Standifird raised was that he wasn't a knowing and intelligent waiver. That is not the only ground that could be – that could establish just cause. And concerning Blakely. Does the district court have any discretion in that? Discretion in what? In determining whether there's a just reason to withdraw. Well, yes. It's all discretionary. And we're saying that in this instance. But, again, remember, the district court denied the motion with the request to withdraw after it made the finding that the argument was unacceptable. And Buckland was followed by, as government counsel cited, by Okanofer or whatever their case was. It said it doesn't matter because the 20-year maximum sentence, obviously, I felt it doesn't matter whether it's cocaine or cocaine-based. It won't matter if it's pure or a mixture of meth. But Blakely now says Okanofer's limit of apprendi is probably incorrect. So it revives the issue that was presented to the district court. We did present that issue to the district court. We submit thank you. Thank you, counsel. The Court appreciates the arguments of counsel on both sides. And the case is submitted for decision. That concludes the Court's calendar for this morning. It's still morning. And the Court stands adjourned. All rise. The Court for this session stands adjourned. The Court is adjourned. The Court is adjourned.
judges: Schroeder, Gould, Clifton